IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 04-390

_____

COLUMBIA FALLS Elem. School Dist. No. 6 and H.S. )
Dist No. 6; EAST HELENA Elem. Dist. No. 9; HELENA )
Elem. Dist. No. 1 and HS Dist No. 1; BILLINGS Elem. )
Dist. No. 2 and H.S. Dist. No. 2; WHITE SULPHUR )
SPRINGS Elem. Dist. No. 8 and H.S. Dist. No. 8; )
TROY Elem. Dist. No. 1 and H.S. Dist. No. 1; MEA-MFT; )
MONTANA SCHOOL BOARDS ASSOCIATION; )
MONTANA RURAL EDUCATION ASSOCIATION; )
SCHOOL ADMINISTRATORS OF MONTANA; )
ALAN & NANCY NICHOLSON; GENE JARUSSI; )
PETER & CHERYL MARCHI; and MICHAEL & )
SUSAN NICOSIA, for themselves and as parents )
of their minor children, )
                               )
           Respondents, )
                               )
       v. )                O R D E R
                               )
THE STATE OF MONTANA, )
                               )
           Appellant. )

_____

On June 18, 2004, the State filed its notice of appeal in this matter. That same day, the Respondents, Columbia Falls Elementary School District, et al. (the Coalition), filed a motion for expedited proceedings and consideration. The Coalition asserted that this case involves issues of widespread importance to the students in Montana's public elementary and secondary schools and that the ultimate resolution will significantly impact budgeting and appropriations policies and decisions to be made by the executive and legislative branches for the next biennium. The Coalition concluded that, "Accordingly, it is in the public interest that this matter be resolved before the 2005 legislative session convenes." Four days later, on June 22, 2004, this Court issued an order setting an expedited briefing schedule and

1

indicating that oral argument would be set at a future date. The briefing was completed as scheduled and the Court heard oral argument on October 20, 2004.

Given the Court's present work load, it is unlikely that the Court will be able to issue a full opinion on the issues raised and argued before the 2005 legislative session convenes. Nevertheless, it is in the public interest that the executive and legislative branches, as well as the litigants in the present appeal, be advised of the Court's conclusions as early as possible so that they will have sufficient time to fashion appropriate policies and/or legislation in response to the Court's rulings. Accordingly, we deem it appropriate that we issue a preliminary order setting forth, in summary fashion, the Court's conclusions with regard to the issues raised, with a full written and published opinion to follow at a later date.

We address the issues on appeal and cross-appeal as follows:

1. *Whether the Court should abstain from attempting to resolve the non-justiciable political question of whether the State has adequately funded a basic system of free quality public elementary and secondary schools.*

We conclude that the issue presented is a justiciable question, and, thus, we answer issue one in the negative.

2. *Whether the District Court erroneously concluded that the current school funding system violates Article X, Section 1, by failing to provide adequate funding for Montana's schools.*

We affirm the District Court's conclusion that the funding system is not based on educationally-relevant factors. Article X, Section 1(3), mandates that "[t]he legislature shall provide a basic system of free quality public elementary and secondary schools." To date, the legislature has not developed a working definition as to what constitutes a "quality" school as that term is used in the Montana Constitution. Until such time as the legislature assesses education needs and defines "quality," it is not in a position to construct a funding system rationally related to educationally-relevant factors.

For that reason, we also affirm the District Court's conclusion that the current Montana school funding system, which has evolved without the benefit of any definition of what constitutes "quality," fails to adequately fund Montana's public schools. We do not, however, necessarily affirm everything that is said in the District Court's opinion in support of the above conclusion.

3.  *Whether the District Court erred in concluding that the State has violated Article X, Section 1, by not paying its share of the cost of the public school system.*

In light of our holding on issue number two above, we decline to address this issue.

4.  We affirm the District Court's conclusion that the current funding system violates Article X, Section 1(2), of the Montana Constitution in that the State has failed to recognize the distinct and unique cultural heritage of American Indians and has shown no commitment in its education goals to the preservation of Indian cultural identity.

5.  *Whether the October 2005 effective date of the District Court's opinion should be moved up to May 2005.*

We affirm the District Court's selection of October 1, 2005, as the effective date of its order.

6.  The cross-appeal issues as to whether the District Court's holding on equal protection of the laws should be vacated and the question of whether attorney fees are appropriate are taken under advisement and will be addressed in the Court's full opinion.

7.  The time period for filing a Rule 34, M.R.App.P., petition for rehearing does not commence running until the Court's full opinion has been filed.

DATED this _____ day of November, 2004.

_____
Chief Justice

_____

_____

_____

_____
Justices

_____
Honorable David G. Rice, District Judge, sitting
in place of Justice Jim Regnier